**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700　　　　　　　　　　　　　　　973/645-2700
Newark, NJ 07102

ASL/ PLEA AGREEMENT
2003R00036

September 19, 2005

David Holman, AFPD
Federal Public Defender's Office
972 Broad Street
Newark, NJ 07102

　　　　　　　Re:　Plea Agreement with Charles Thompson

Dear Mr. Holman:

　　　　　This letter sets forth the plea agreement between your client, Charles Thompson, and the United States Attorney for the District of New Jersey ("this Office").

Charge

　　　　　Conditioned on the understandings specified below, this Office will accept a guilty plea from Charles Thompson to a one-count Information, which charges conspiracy to (1) disconnect, reset and alter motor vehicle odometers with the intent to change the mileage, contrary to 49 U.S.C. §§ 32703(2) and 32709(b); and (2) knowingly transport in interstate commerce falsely made, forged, altered, and counterfeited securities, contrary to 18 U.S.C. § 2314; in violation of 18 U.S.C. § 371.  If Charles Thompson enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Charles Thompson for his participation in the conspiracy, beginning in or about January 2001 and continuing through June 2003, to alter vehicle odometers to fraudulently reflect a lower mileage figure and to alter the Odometer Disclosure statements and car titles to reflect the fraudulently lowered mileage reading on the vehicles for resale to customers. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Charles Thompson may be commenced against him, notwithstanding the expiration of the limitations period after Charles Thompson signs the agreement. Charles Thompson agrees to waive any statute of limitations with respect to

any crime that would otherwise expire after Charles Thompson signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Charles Thompson agrees to plead guilty carries a statutory maximum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Charles Thompson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Charles Thompson ultimately will receive.

Further, in addition to imposing any other penalty on Charles Thompson, the sentencing judge: (1) will order Charles Thompson to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Charles Thompson to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Charles Thompson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Charles Thompson to serve a term of supervised release of at least 2 years and up to 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Charles Thompson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Charles Thompson may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Charles

Thompson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Charles Thompson's activities and relevant conduct with respect to this case.

Stipulations

This Office and Charles Thompson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Charles Thompson from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Charles Thompson waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if

- 3 -

requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Charles Thompson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Charles Thompson.

No Other Promises

This agreement constitutes the plea agreement between Charles Thompson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Adam S. Lurie
Assistant U.S. Attorney

APPROVED:

MARK J. McCARREN, Chief
Public Protection Unit

I have received this letter from my attorney, David Holman, AFPD, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the full agreement between the parties. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with this matter.

AGREED AND ACCEPTED:

_____     Date: 11-15-05
CHARLES THOMPSON

_____     Date: 11/15/05
DAVID HOLMAN, AFPD

<u>Plea Agreement With Charles Thompson</u>

<u>Schedule A</u>

      1. This Office and Charles Thompson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Charles Thompson nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Charles Thompson within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Charles Thompson further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

      2. The version of the United States Sentencing Guidelines effective November 1, 2004 applies in this case. Pursuant to U.S.S.G. § 2N3.1, because the conspiracy to alter motor vehicles involved more than one vehicle, the applicable guideline is § 2B1.1. This Guideline carries a base offense level of 6.

      3. Because the loss was more than $200,000, but not more than $400,000, U.S.S.G. § 2B1.1(b)(1)(G) applies, resulting in an increase of 12 levels.

      4. Because the offense involved 50 or more victims, U.S.S.G. § 2B1.1(b)(2)(B) applies, resulting in an increase of 4 levels.

      5. As of the date of this letter, Charles Thompson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Charles Thompson's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

      6. As of the date of this letter, Charles Thompson has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Charles Thompson enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Charles Thompson's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Charles Thompson will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

      7. In accordance with the above, the parties agree that the total Guidelines

offense level applicable to Charles Thompson is 19 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

9. Charles Thompson knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.